UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | |
| HENRY W. SUTTON, &<br>TABATHA L. SUTTON, | Chapter 13 |
| Debtors, | Adversary Proceeding No. __________ |
| ================================ | Bankruptcy No. 22-15040 JGR |
| HENRY W. SUTTON, & ,<br>TABATHA L. SUTTON, | |
| Plaintiffs, | |
| vs. | |
| MICHAEL D. NORDIKE,<br>HONORABLE SHAWN LEE WITKUS,<br>County Court Magistrate,<br>Fourth Judicial District, | |
| Defendants. | |

**ADVERSARY COMPLAINT FOR VIOLATION OF AUTOMATIC STAY**

COME NOW the Plaintiffs/Debtors through counsel and for their complaint state as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 USC § 1334.

2. This is a core proceeding within the meaning of 28 USC § 157.

3. Venue is proper in this District pursuant to 28 USC § 1409.

4. The Plaintiffs filed a chapter 13 bankruptcy on 12/28/2022 and their case was assigned case number of 22-15040 JGR.

5. This is an action filed pursuant to 11 USC §§ 105, 362, 541 & 1327 for an order finding that the Defendant Michael Nordike has violated the automatic stay and for actual and punitive damages arising out of such violations. Further, this is an action against the Honorable Shawn Lee Witkus finding that by his actions he has aided and abetted defendant Michael D. Nordike in his violations of 11 USC § 362 and requesting that this magistrate be enjoined from further actions on his part pursuant to 11 USC § 105.

## II. GENERAL ALLEGATIONS

6. Plaintiffs are individuals who reside in Colorado Springs with a residential address of 72 McBurney Blvd., Colorado Springs, CO 80911. Plaintiffs are husband and wife. Husband, Henry W. Sutton, is a veteran of the US Army with a disability rating

of 100% having sustained injuries in the service of the United States homeland.

7. Defendant Michael D. Nordike is an individual residing and doing business in El Paso County, Colorado with a residential address of 7520 Carmine Court, Colorado Springs, CO 80919.

8. Defendant, Shawn Lee Witkus, is a County Court Magistrate in the 4th Judicial District for El Paso County, Colorado with a business address of Division G, 270 South Tejon Street, Colorado Springs, CO 80903.

9. Prior to the Plaintiffs' bankruptcy, Defendant Michael D. Nordike sued Plaintiffs in the County Court for El Paso County, State of Colorado, for civil damages. Defendant Michael D. Nordike obtained a judgment against the Plaintiffs in Case No. 2017 C 38979 in the amount of $16,752.75 together with interest accruing at the statutory rate. Judgment entered on January 25, 2019. This judgment remains unsatisfied.

10. Incident to the judgment, defendant Michael D. Nordike propounded the attached Interrogatories to the plaintiffs. See **Exhibit A** here attached.

11. With the filing of the plaintiffs' chapter 13, a copy of the Notice of Bankruptcy filing was mailed to Defendant Michael D. Nordike by regular mail. See docket no. 13 which is the certificate of service mailed to defendant and to the county court.

12. Defendant Michael D. Nordike has been listed as a creditor in the plaintiffs' bankruptcy schedules. As such, defendant Nordike was mailed a copy of the Notice of Bankruptcy filing by the Clerk of the Bankruptcy Court on December 28, 2022. See docket no. 10.

13. Defendant Michael D. Nordike was notified of Plaintiffs' bankruptcy on or about January 6, 2023 by US mail. Defendant Michael D. Nordike in an email to counsel for Plaintiffs dated January 6, 2023 acknowledged that he had received the bankruptcy notice sent to him by regular mail. See **Exhibit B** here attached which is a copy of this email and a copy of counsel's letter to Michael D. Nordike.

14. On January 6, 2023 debtors' counsel sent the attached letter to Michael D. Nordike advising that he must cease all actions to collect the civil judgment and that he must withdraw the motion for contempt citation propounded by him in support of the civil judgment and in support of his action to collect money from the plaintiffs.

15. On January 6, 2023 the plaintiffs appeared before Magistrate Shawn Lee Witkus in the County Court for El Paso County, Colorado. Defendants provided said Magistrate with the information concerning their bankruptcy filing, including the Chapter and case number for said bankruptcy.

16. In addition to this, the plaintiffs under the threat of being thrown in jail, called their bankruptcy counsel using their cell phone. Plaintiffs requested that their counsel be allowed to address the court. Counsel for the plaintiffs addressed the court and advised him that the plaintiffs were under the protection of the automatic stay having filed bankruptcy with this Court on December 28, 2022. Defendant Shawn Lee Witkus was advised that the plaintiffs were under the protection of the bankruptcy court and were protected from having to respond to Interrogatories propounded to them pursuant to the County Court Rules of Civil Procedure, Rule 369, pursuant to

11 USC § 362.

17. Counsel for the plaintiffs advised Magistrate Shawn Lee Witkus that the plaintiffs should not be required to respond to the Interrogatories, because of the aforementioned protections. In response to such advisement Magistrate Shawn Lee Witkus advised the plaintiffs that he was not required to listen to their counsel and proceeded to set the matter for a contempt proceeding in his division.

18. That contempt proceeding is set for March 9, 2023 in the County Court for El Paso County.

19. The actions of the defendants in ignoring the protections of the bankruptcy court are a direct and wilful violation of 11 USC § 362.

20. Plaintiffs have suffered emotional distress and anxiety as a result of the threat of being thrown in the Criminal Justice lockup facility for El Paso County. Plaintiffs have been threatened with both incarceration and fines related to the civil judgment in favor of defendant Michael D. Nordike.

21. Plaintiffs have incurred attorney fees and costs to file this complaint and to seek compliance by the defendants in relation to the automatic stay which has been issued by this Court.

## III. **VIOLATION OF THE AUTOMATIC STAY BY MICHAEL D. NORDIKE**

22. Plaintiffs re-allege and incorporate each paragraph above as if fully set out herein.

23. The actions of defendant Michael D. Nordike in causing a citation of contempt to issue, in refusing to withdraw his contempt motion, in insisting that plaintiffs answer County Court Interrogatories propounded by that court, and in scheduling the plaintiffs to appear in County Court in El Paso County on March 9, 2023 are all actions which violate the protections set forth in 11 U.S.C. 362(a).

24. Defendant Nordike had knowledge of Plaintiffs' bankruptcy filing prior to violating the automatic stay, because he received notice of Plaintiffs' bankruptcy on or after December 28, 2022

25. Defendant Nordike has willfully and intentionally violated the automatic stay by continuing to pursue collection of a debt outside of the Bankruptcy Court following the filing of the petition in this case.

26. Defendants have caused Plaintiffs actual damages in the form of attorney fees, court costs, inconvenience, and emotional distress.

27. Plaintiffs request that this Court enter orders against defendant Nordike as more fully set forth below.

## IV. INJUNCTION AS TO COUNTY COURT MAGISTRATE SHAWN LEE WITKUS

28. Plaintiffs re-allege and incorporate each paragraph above as if fully set out herein.

29. The Honorable Magistrate Shawn Lee Witkus is a county court magistrate for the 4th Judicial District located in Colorado Springs, Colorado.

30. Defendant Witkus was the magistrate set to hear plaintiffs' collection case on January 6, 2023 in civil case no. 2017 C 38979.

31. Defendant Witkus aided and abetted Defendant Nordike in the violation of the automatic stay entered pursuant to 11 USC § 362(a) by engaging in the following actions:

    a) By stating that he was not required to listen to plaintiffs' bankruptcy counsel who was advising him of the existence of the Automatic Stay;

    b) By continuing to hear a collection case following the filing of a petition in Bankruptcy Court;

    c) By refusing to acknowledge that he was under any requirement to obey the dictates of the Bankruptcy Court or to acknowledge the existence of the automatic stay; and

    d) By setting the matter for a hearing on contempt before his court on March 9, 2023 in furtherance of Nordike's collection case.

32. This Court has authority under the Supremacy Clause of the US Constitution and pursuant to 11 USC § 105 to enjoin the actions of the state court in order to uphold the dignity of the stay and the dignity of the Bankruptcy Court.

33. Plaintiffs request that this Court enter orders against defendant Witkus as more fully set forth below.

WHEREFORE Plaintiffs pray for the following relief:

A) That this Court enjoin Defendant Witkus from entering any orders whatsoever in civil case no. 2017 C 38979 without first obtaining an order for relief from stay from this Court pursuant to 11 USC §§ 105 & 362;

B) That this Court award actual damages, to be determined at trial, against defendant Nordike and in favor of the Plaintiffs;

C) That this Court award punitive damages, to be determined at trial, against defendant Nordike and in favor of the Plaintiffs;

D) That this Court order Defendant Nordike to pay all costs and attorney's fees arising out of this proceeding pursuant to 11 U.S.C. 362(k);

E) That this Court order Defendant Nordike to compensate plaintiffs for the emotional distress incurred by them arising out of his violations of the stay as described above;

F) And such further relief as to the Court would appear just and proper under the circumstances of this case.

Respectfully submitted this 21st day of January, 2023.

Law Office of Stephen H. Swift, P.C.

_/s/ Stephen H. Swift______________

Stephen H. Swift, #14766
Attorney for Plaintiffs/ Debtors
733 East Costilla Street, Suites A and B
Colorado Springs, CO 80903
(719) 520-0164
E-mail: stephen.swift@swiftlaw.net